IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 18, 2010 Session

## JAMES Q. HOLDER, ET AL. V. WESTGATE RESORTS, LTD.

**Appeal from the Circuit Court for Sevier County**
**No. 2004-0477-II      Richard R. Vance, Judge**

**No. E2009-01312-COA-R3-CV FILED JULY 23, 2010**

Charles D. Susano, Jr., J., concurring in part and dissenting in part.

I agree with the majority's decision to affirm the trial court's judgment entered on the jury's verdict. I also agree with the majority's conclusion that Mr. Horner's attempt to tell the jury what the "personal representatives of the International Code Council" told him is an effort to give the jury hearsay testimony. Finally, I agree that, assuming the trial court was incorrect in sustaining the plaintiff's objection to the subject testimony, the error was nevertheless harmless. My departure from the majority opinion is with respect to the majority's conclusion that the trial court erred when it sustained the plaintiff's objection. In my judgment, the proffered testimony was not only hearsay, it was hearsay that does not fit within any exception to the hearsay rule. I believe the trial court was correct in sustaining the objection.

As I understand the record before us, Horner wanted to tell the jury what someone, and maybe more than one someone, at this authoritative body had told him about the very crux of the disagreement between Horner and the plaintiff's expert, Mr. Moody. I reach this conclusion from the following taken directly from the defendant's offer of proof:

> [Mr. Horner] would have testified that after making that contact, the manner by which he evaluated this landing area and the manner by which he measured this landing area, he received instruction on how to do that from this resource, and the way he did it conformed to the instruction received from the ICC, which drafted the code and content.

The two experts in this case agreed that Code Section 1012.1.5 was the proper basis upon which to determine whether the configuration of the unit's landing area was code compliant. They sharply disagreed, however, as to how to interpret and apply this provision to the facts of this case. Each expressed his "opinion" as to the proper methodology to be employed. Horner wanted to go further and buttress his opinion by telling the jury what someone else's opinion was – obviously one who had an opinion identical to his. In other words, Horner wanted to tell the jury, in so many words, "I'm an expert and I have talked to John Doe, who is a super expert, and we both agree as to how this should be done and here is how it should be done." It goes without saying that the "super expert" would not have been available at trial for cross examination.

The majority says that, while admittedly hearsay, the testimony is nevertheless admissible under Tenn. R. Evid. 703 because it constitutes "facts or data." *Id*. I believe the words "facts or data" are words of art and were carefully selected by the drafters. Simply put, I do not believe the "opinion" of another regarding the methodology of applying a code provision to a set of facts is anything other than an "opinion." I do not believe Rule 703 includes such an opinion in the "facts or data" language of the rule. If the drafters of the Rules of Evidence had intended to include opinions within the ambit of Rule 703, they would have said so in clear and unmistakable language.

The law has always recognized a dichotomy between a "fact" and an "opinion." Sometimes, admittedly, it is difficult to discern whether something is a fact or an opinion; but when two experts cannot agree on the proper methodology for applying a code provision to a factual scenario, I do not see how testimony on the subject can be categorized as a "fact[] or data." In my judgment, such testimony is clearly an opinion and not covered by Rule 703.

Since I do not believe that opinion testimony of the type before us comes under Rule 703, I will not attempt to examine whether the other requirements of that rule have been met.

I would hold that the trial court was correct in sustaining the plaintiff's objection to the testimony proffered by the defendant.

Accordingly, I concur in part and respectfully dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE